The Attorney General has considered your request for an opinion wherein you ask the following question: Do the provisions of Okla. Sess. L. 1979, Ch. 26, pp. 34-36, make it mandatory for the County Excise Board to approve budget requests of all constitutional county officers, in full, even at the expense of reductions of official and legislative official officer's requests? The statute cited in the above question relates to county officers and employees and county excise board proceedings. The act amended two existing statutes, 19 O.S. 180.65 [19-180.65] (1978) and 68 O.S. 2487 [68-2487] (1971). The first statute deals with the method of establishing the salaries of deputies and other assistants to county officers. Significant changes in this statute in the form of additions thereto were made by the 1979 amendment. Those changes are noted by italics in the following quoted portions of 19 O.S. 180.65 [19-180.65] (1979). That statute provides, where relevant to the question here presented, that: "A. The officers . . . shall have such number of regular or technical deputies, assistants . . . or other help . . . at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose and establish the need of and which the county excise board may approve, for the adequate accomplishment of the functions of the office and performance of the duties imposed thereon by law . . . "C. . . . and the aforesaid salaries within said limitations shall be such amounts as the principal officer may propose and establish the need for and which the county excise board may approve within salary and staffing requirements as may be prescribed by law . . . "D. . . . the salary or rate of pay of such subordinate shall be determined by the principal officer and the county excise board based upon responsibility, risks, skills, training, and experience required for such position and afforded by the subordinate; . . . "F. The board of county commissioners shall continue to have the authority to recommend the total amount of funds that can be used for the combined salaries in each of the county offices covered by this act, however, the approval of said funding for such offices shall continue to be the responsibility of the county excise board. County officers shall have no authority to make salary commitments beyond the amount of said funding so provided. "G. The county excise board shall meet with each of the principal officers of the county in budget planning conference or conferences, before July 1 of each year, to discuss personnel needs for each office for the succeeding fiscal year. The excise board shall provide the principal officers a tentative estimate of anticipated revenues for the next fiscal year prior to said budget planning conferences." The second statute that was amended by the act is 68 O.S. 2487 [68-2487] (1979). This statute was amended by the addition of the phrase underlined in the following quotation from 68 O.S. 2487 [68-2487]: "As to each budget, original or supplemental, the county excise board shall proceed in the following order: ". . . (2) Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, as determined by the excise board, said item shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor. . . ." The above underlined portion was the only change made to 68 O.S. 2487 [68-2487] (1971). That section, in its current form, sets out the method whereby the county excise board proceeds to determine the budget and the necessary tax levy. The last step to be taken under this statute in determining the tax to be levied is contained oriel subsection (5), which provides: "If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board will proceed to revise the same by reducing items, in whole or in part, in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) if still further reduction be necessary and no other items remain, third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided. At the option of the excise board, the governing board may collaborate in such reductions; but the final order shall be that of the county excise board." The reductions specified in the above statute must be made when the maximum allowable levy would be insufficient to fund the budget determined by the excise board. In the event that a levy at the maximum rate would be insufficient to fund all estimated needs, the excise board is required by this statute to balance the budget by reducing the budget for discretionary governmental activity, or the "functions merely authorized but not required . . ." When these reductions do not balance the budget the statute directs the excise board to reduce the budgets of those statutorily required items, functions, or offices which are not constitutionally required. Only when no items in the above two categories remain to be reduced may the excise board reduce the budget for those functions required by the Constitution below the amount previously determined to be needed for those functions. The question here presented may be answered by a determination of whether the reduction process specified in 68 O.S. 2487 [68-2487] (1979) applies to the budget request made by a particular officer or to the budget for that office previously approved by the excise board. 68 O.S. 2487 [68-2487] specifically provides an order of procedure for the excise board. Subsection (2) of that section requires the excise board to: "Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, as determined by the excise board, said item shall be ordered stricken and disregarded . . ." (Emphasis added) Subsection (5) of 68 O.S. 2487 [68-2487] then provides, as a final step of the excise board procedure, that: "If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board will proceed to revise the same by reducing items, in whole or in part . . ." (Emphasis added) It is obvious by the plain language of the cited statute that the reductions will be made, if necessary, to the estimate of needs made previously by the excise board. If the excise board approves the budget request of a constitutional officer as an accurate estimate of needs, it may not reduce that estimate except pursuant to the conditions stated in 68 O.S. 2487 [68-2487](5) (1979). The excise board is not, however, obliged to approve the budget requests of a constitutional officer in full as the appropriate estimate of needs. The amendments adopted in Okla. Sess. L. 1979 Gh. 26 1, 2, as cited in the text above, consistently place the excise board in a review position as to a budget request. The law was changed to require the county officers to establish the need of the budget for salaries so requested, and further made the excise board the judge of such need by giving to that board the power to approve or disapprove such requests. Had the amendments not been enacted, the salary budget would have been established solely by the county officer; the tenor of the amendments illustrate the plain legislative purpose of making the excise board the reviewing agency of such requests. As the excise board has been granted the power to determine the actual need, they are not required to accept the budget request of a county officer as final. The excise board is charged with the duty of determining the estimated actual need, and are to do so prior to totalling the budget. In this situation the excise board serves as a check on the power of any particular officer to expand his staff and salary requirements beyond the actual need therefor to the exclusion of other officer's deputies and other governmental functions not constitutionally required to be funded. Under the procedure employed by the excise board, a determination of estimated need is made prior to determination of the final budget. Reductions, if necessary, are made to the budget so approved as estimates of needs. In determining the estimated needs, however, the excise board has authority to approve an amount less than that requested by an officer. The excise board is not, therefore, required to approve in full the budget request for salaries and staffing submitted by a county officer whose office is constitutionally established. It is the duty of the excise board to determine the amount needed to operate such office. After determining such estimate of needs, however, the excise board must fully fund the amount so estimated, even if the amount so estimated requires the reduction in budgets needed for the operation of discretionary functions and/or legislatively created offices. It is, therefore, the official opinion of the Attorney General that your request be answered as follows: County Excise Boards are not required to approve budget requests of constitutional county officers in full; excise boards may reduce such requests if the amounts determined by these boards to be needed for the proper operation of such offices are less than the amounts requested; and excise boards must fund the amounts they determine to be needed in full, even if such funding requires reductions in the budgets for discretionary governmental functions and statutorily, rather than constitutionally, required officers. (JOHN GREGORY THOMAS) (ksg)